1

2

3

4

5

6

7

8    IN THE UNITED STATES DISTRICT COURT

9    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN CROSSWHITE,

11          Plaintiff,                        No. CIV S-10-409 JAM KJM PS

12          vs.

13   ARNOLD SCHWARZENEGGER,

14          Defendant.                        FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is proceeding in this action pro se and in forma pauperis.  Plaintiff has

17   filed an amended complaint.  The federal in forma pauperis statute authorizes federal courts to

18   dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which

19   relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

20   28 U.S.C. § 1915(e)(2).

21          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

22   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

23   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

24   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

25   490 U.S. at 327.

26   /////

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In this action, plaintiff seeks damages for an allegedly wrongful incarceration.  In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof  "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Heck, 512 U.S. at 486.

Under Heck, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence.  Id.  If it would, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated.  This court finds that plaintiff's action implicates the validity of plaintiff's conviction.  To the extent plaintiff may be challenging a civil commitment, plaintiff's action is also barred under Heck.  See Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1137, 1139 (9th Cir. 2005).

/////

/////

/////

1    In the July 22, 2010 order dismissing plaintiff's complaint with leave to amend,

2    plaintiff was advised that in any amended complaint, plaintiff must show that his conviction has

3    been invalidated.  Plaintiff has failed to do so.  This action is therefore barred under <u>Heck</u> and

4    should be dismissed.

5    Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

6    These findings and recommendations are submitted to the United States District

7    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

8    days after being served with these findings and recommendations, plaintiff may file written

9    objections with the court.  The document should be captioned "Objections to Magistrate Judge's

10   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

11   specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

12   F.2d 1153 (9th Cir. 1991).

13   DATED:  September 28, 2010.

14

15   _____

16   U.S. MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25
26